Fakrool **ALAM**, Petitioner,

v.

Eric H. **HOLDER** Jr., Attorney General,[1] Respondent.

No. 08–3503–ag.

United States Court of Appeals, Second Circuit.

April 28, 2009.

Salim Sheikh, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Leslie McKay, Assistant Director, John W. Blakeley, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Fakrool Alam, a native and citizen of Bangladesh, seeks review of a

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

July 2, 2008 order of the BIA denying his motion to reopen. *In re Fakrool Alam,* No. A70 579 905 (B.I.A. July 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA properly denied Alam's motion to reopen as untimely and numerically barred where it was his second motion to reopen and it was filed over four years after his 2003 final order of removal. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an applicant may only file one motion to reopen and that motion must be filed within ninety days of the final administrative decision). Moreover, the BIA did not abuse its discretion in finding that Alam failed to present sufficient evidence of changed country conditions to satisfy the exception to the time limitation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Contrary to Alam's argument that the BIA failed to consider the evidence he submitted, the BIA explicitly found an inconsistency between two affidavits he submitted with his motion to reopen. Alam failed to explain these inconsistencies. Where, as here, the IJ had already found that Alam was not credible, the BIA did not abuse its discretion in denying Alam's motion. *See Kaur,* 413 F.3d at 233–34; *Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147–48 (2d Cir.2007).

To the extent that Alam challenges the underlying adverse credibility determination, we need not consider his argument. Alam failed to file a timely petition for review challenging the BIA order affirming the IJ's adverse credibility determination. Accordingly, we only review Alam's timely filed petition challenging the BIA's denial of his second motion to reopen. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001) (stating that where the alien files a timely petition from the denial of a motion, but not from the underlying affirmance of the removal order, we may review only the denial of the motion). Thus, because the BIA did not abuse its discretion in denying Alam's untimely and numerically barred motion to reopen, there is no reason to disturb the BIA's decision.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.